IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY FREEMAN, BRIAN FREEMAN, And BARBARA ANN COLE previously known as BARBARA FREEMAN, <br><br> Defendants. | Case No. 1:22-cv-00426 |

**JEFFREY FREEMAN'S AND BRIAN FREEMAN'S ANSWER TO THE STANDARD LIFE AND ACCIDENT INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER**

NOW COME Defendants Jeffrey Freeman and Brian Freeman (collectively, "Defendants") by and through their attorneys, Matthew McQuiston and the law firm of STERN MCQUISTON, LLC, and hereby answer the Standard Life and Accident Insurance Company's Complaint for Interpleader as follows:

PARTIES

1. Standard Life is a corporation duly organized and existing under the laws of Texas, with its principal place of business located in Texas.

**ANSWER:** Defendants lack personal knowledge sufficient to admit or deny this allegation; therefore, they deny the same and demands strict proof thereof.

2. Jeffrey Freeman is an individual, and a resident and citizen of Chicago, Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 2.

3. Brian Freeman is an individual, and a resident and citizen of Chicago, Illinois.

1

**ANSWER:** Defendants admit the allegations of Paragraph 3.

4. Barbara Ann Cole, previously known as Barbara Freeman, is an individual, and a resident and citizen of Clyde, North Carolina.

**ANSWER:** Defendants admit the allegations of Paragraph 4.

## JURISDICTION

5. This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 and pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) concerning the rights and obligations of the parties pursuant to two annuities, designated Annuity No. xxxxx798 and Annuity No. xxxxx100 (the "Annuities"),[1] issued by Standard Life to Cliff Freeman, on the life of Cliff Freeman. The current value of Annuity No. xxxxx798 is approximately $89,083.27. The current value of Annuity No. xxxxx100 is approximately $104,451.50. The Court has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Defendants and the amount at issue exceeds $500. The Court also has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the amount at issue is in excess of $75,000.

**ANSWER:** Defendants admit the allegations of Paragraph 5.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**ANSWER:** Defendants admit the allegations of Paragraph 6.

## CLAIM FOR RELIEF IN INTERPLEADER

7. Standard Life issued Annuity No. xxxxx798 to Cliff Freeman, as Owner and

2

Annuitant, with an initial single premium of $51,522.24, an Issue Date of May 31, 2000, and a Maturity Date of March 31, 2041. At the time Annuity No. xxxxx798 was issued, the sole primary beneficiary was Adel Christine Freeman, spouse, and the contingent beneficiaries were Jeffrey and Brian Freeman, sons, in equal shares. See No. xxxxx798, a redacted specimen copy of which is attached hereto and incorporated herein as Exhibit 1.

**ANSWER:** Defendants admit the allegations of Paragraph 7.

8. Standard Life issued Annuity No. xxxxx100 to Cliff Freeman, as Owner and Annuitant, with an initial single premium of $50,000, an Issue Date of February 26, 2001, and a Maturity Date of February 26, 2041. At the time Annuity No. xxxxx100 was issued, the primary beneficiaries were Jeffrey and Brian Freeman, sons, in equal shares, and the sole contingent beneficiary was Cliff Freeman's Estate. *See* Annuity No. xxxxx100, a redacted copy of which is attached hereto and incorporated herein as Exhibit 2.

**ANSWER:** Defendants admit the allegations of Paragraph 8.

9. At the time Cliff Freeman applied for and was issued the Annuities, he resided in Rockford, Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 9.

10. Upon information and belief, Cliff Freeman and Adel Christine Freeman divorced.

**ANSWER:** Defendants admit the allegations of Paragraph 10.

11. Upon information and belief, on or about December 17, 2010, Cliff Freeman married Barbara Ann Cole, and Barbara Ann Cole began using the name Barbara Freeman.

**ANSWER:** Defendants admit the allegations of Paragraph 11.

12. Standard Life received a Change Form purportedly signed by Cliff Freeman on November 2, 2011, designating Barbara, Brian, and Jeffrey Freeman, wife and sons, as primary

beneficiaries of both of the Annuities. See Change Form dated November 2, 2011, a redacted copy of which is attached hereto and incorporated herein as Exhibit 3.

**ANSWER:** Defendants admit the allegations of Paragraph 12.

13. Upon information and belief, at the time Cliff Freeman submitted the November 2, 2011 Change Form to Standard Life, he resided in Irmo, South Carolina.

**ANSWER:** Defendants admit the allegations of Paragraph 13.

14. Upon information and belief, on or about February 23, 2018, Barbara Freeman filed for divorce from Cliff Freeman in South Carolina.

**ANSWER:** Defendants admit the allegations of Paragraph 14.

15. Upon information and belief, at the time Barbara Freeman filed for divorce from Cliff Freeman, they both resided in Irmo, South Carolina.

**ANSWER:** Defendants admit that the Decedent Cliff Freeman resided in Irmo, South Carolina at the time Barbara Freeman filed for divorce but lack sufficient information to admit or deny the allegations regarding Barbara's residency and therefore deny the same.

16. On March 1, 2019, Barbara Freeman and Cliff Freeman divorced. See Decree of Divorce and Order Approving Agreement and Mediation Agreement (the "Divorce Decree"), a copy of which is attached hereto and incorporated herein as Exhibit 4.

**ANSWER:** Defendants admit the allegations of Paragraph 16.

17. On March 1, 2019, the court in Richland County, South Carolina ordered that Barbara Freeman could change her name back to her maiden name, Barbara Ann Cole. *See* Memorandum Order of Name Change, a copy of which is attached hereto and incorporated herein as Exhibit 5.

**ANSWER:** Defendants admit the allegations of Paragraph 17.

18. Upon information and belief, on March 1, 2019, Barbara Ann Cole resided in Buncombe County, North Carolina and Cliff Freeman resided in Cook County, Illinois.

**ANSWER:** Defendants admit the allegations of Paragraph 18.

19. On or about September 26, 2021, Cliff Freeman died.

**ANSWER:** Defendants admit the allegations of Paragraph 19.

20. On or about October 22, 2021, Standard Life received an Annuity Claim Form from Barbara Ann Cole seeking the death benefit under the Annuities. *See* Annuity Claim Form, a redacted copy of which is attached hereto and incorporated herein as Exhibit 6.

**ANSWER:** Defendants admit lack sufficient information to admit or deny the allegations of Paragraph 20, therefore they deny the same.

21. On or about November 18, 2021, Standard Life received a letter from Ericka Coners of Stern & Associates, stating that she represents Jeffrey Freeman, that there are conflicting claims to the Annuities, and that Barbara Ann Cole is not entitled to receive any of the Annuities' proceeds due to her divorce from Cliff Freeman. See November 18, 2021 Letter from Ericka Coners to Standard Life, a redacted copy of which is attached hereto and incorporated herein as Exhibit 7.

**ANSWER:** Defendants admit the allegations of Paragraph 21, and state further for the sake of clarity that Stern & Associates became Stern McQuiston, LLC as of January 1, 2022.

22. Upon information and belief, Brian Freeman is also disputing Barbara Ann Cole's right to receive any part of the Annuities' proceeds.

**ANSWER:** Defendants admit the allegations of Paragraph 22.

23. Illinois law provides as follows:

(2) If a judgment of dissolution of marriage is entered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of entry, the designation of the insured's former spouse as beneficiary is not effective unless:

(A) the judgment designates the insured's former spouse as the beneficiary;
(B) the insured redesignates the former spouse as the beneficiary after entry of the judgment; or
(C) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

750 Ill. Comp. Stat. Ann. 5/503(b-5)(2).

**ANSWER:** Defendants admit the allegations of Paragraph 23.

24. Section 5/503(b-5) went into effect on January 1, 2019.

**ANSWER:** Defendants admit the allegations of Paragraph 24.

25. Illinois courts have not yet determined whether and how Section 5/503(b-5) applies retroactively to contracts in effect before January 1, 2019.

**ANSWER:** Defendants admit that Paragraph 25 calls for a legal conclusion to which no response is required, but to the extent a response is required they deny the same.

26. South Carolina law provides as follows:

(c) Except as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:
    (1) revokes any revocable:
        (i) disposition or appointment of property or beneficiary designation made by a divorced individual to the divorced individual's former spouse in a governing instrument; . . .

S.C. Code Ann. § 62-2-507(c)(1)(i).

**ANSWER:** Defendants admit the allegations of Paragraph 26.

27. South Carolina law also provides as follows:

(4) "Governing instrument" means an instrument executed by the divorced individual before the divorce or annulment of the individual's marriage to the individual's former spouse including, but not limited to wills, revocable inter vivos trusts, powers of attorney, life insurance beneficiary designations, annuity beneficiary designations, retirement plan beneficiary designations and transfer on death accounts.

S.C. Code Ann. § 62-2-507(a)(4).

**ANSWER:** Defendants admit the allegations of Paragraph 27.

28. Section 62-2-507 was amended effective January 1, 2014 to apply to annuities.

**ANSWER:** Defendants admit the allegations of Paragraph 28.

29. The District of South Carolina determined that Section 62-2-507 can apply retroactively to a life insurance policy. *Protective Life Ins. Co. v. LeClaire*, No. 7:17-CV-00628-AMQ, 2018 WL 3222796, at *4 (D.S.C. July 2, 2018).

**ANSWER:** Defendants admit the allegations of Paragraph 29.

30. The Divorce Decree does not address Barbara Ann Cole's status as a beneficiary under the Annuities. *See* Ex. 4.

**ANSWER:** Defendants admit the allegations of Paragraph 30. Defendants affirmatively state that Paragraph 9 of the Mediation Agreement, incorporated into the Divorce Decree, state as follows:

> Except as otherwise provided in this Agreement, each party shall have the right to dispose of his or her property of whatsoever nature, real or personal. Furthermore, each party, for himself and herself, respectively and for their respective heirs, legal representatives, executors, administrators, and assigns, hereby waives any right or election which he or she may have or hereafter acquire regarding the estate of the other or against Last Will and Testament of the other or any codicil thereof, whether heretofore or hereafter executed, as provided for in any law hereinafter effective of this state or any state or territory of the United States or any foreign country. **Each party renounces and releases all interest, right or claim of** distributive share or intestate successor or dower or curtsy, or community property or statutory exemption or allowance or otherwise, that he or she now has or might otherwise have against the other or the estate or the other, or the property of whatsoever nature**, real or personal of the other party under or by virtue of the laws of any county or state. Nothing contained in this particular paragraph however, shall affect any obligation undertaking in the other paragraphs of this Agreement by either party.**

*See* §9 of the Mediation Agreement (*emphasis added*). As indicated above, Barbara Ann Cole was a designated beneficiary at the time she filed for divorce. On information and belief, Barbara knew she was a designated beneficiary when she willingly executed the Mediation Agreement, which

7

waived her interest to the Estate and property **of whatsoever nature** of the Decedent Cliff Freeman. Paragraph 9 of the Mediation Agreement, as incorporated into the Divorce Decree, precludes Barbara Ann Coleman from receiving any proceeds from the annuities.

31. Upon information and belief, the court handling Cliff Freeman's and Barbara Ann Cole's divorce case did not issue any order related to the Annuities.

**ANSWER:** Defendants deny the allegations of Paragraph 31 and state that the Divorce Decree precludes Barbara Ann Cole from collecting any of the annuity proceeds, as the Divorce Decree incorporates the Mediation Agreement wherein she waived her right to the same.

32. Cliff Freeman did not submit any other beneficiary change forms to Standard Life after the November 2, 2011 Change Form or otherwise re-designate Barbara Ann Cole as a beneficiary under the Annuities after the Divorce Decree.

**ANSWER:** Defendants admit that the allegations of Paragraph 32.

33. It is unclear whether Barbara Ann Cole's status as a beneficiary of the Annuities was revoked upon her divorce from Cliff Freeman under Illinois or South Carolina law. Further, Jeffrey Freeman maintains that Barbara Ann Cole's beneficiary designation was revoked due to her divorce from Cliff Freeman, but Barbara Ann Cole claims to be entitled to at least a portion of the Annuities' proceeds.

**ANSWER:** Defendants deny that it is unclear whether Barbara Ann Cole's status as a beneficiary of the Annuities was revoked, as it was revoked under either Illinois or South Carolina Law by statute, and additionally it was revoked by the terms of the Divorce Decree as explained in more detail above. Defendants admit that they maintain Barbara Ann Cole is not entitled to any annuity proceeds. Defendants lack sufficient information to admit or deny the allegations regarding Barbara Ann Cole's position and therefore deny the same and demands strict proof thereof.

34. In light of the potential revocation of Barbara Ann Cole's beneficiary designation under the Annuities, it is unclear whether Barbara Ann Cole is eligible to receive any of the Annuities' proceeds.

**ANSWER:** Defendants deny the allegations of Paragraph 34 and affirmatively state that it is apparent, pursuant to the terms of the Divorce Decree, South Carolina law, and Illinois law, that Barbara Ann Cole is not eligible to receive any proceeds.

35. Jeffrey Freeman, Brian Freeman, and Barbara Ann Cole, as potential beneficiaries of the Annuities' proceeds, have actual or potential claims to the Annuities' proceeds.

**ANSWER:** Defendants admit that they have an actual and potential interest in the annuities' proceeds but deny that Barbara Ann Coleman has any interest therein.

36. The claims and potential claims of Jeffrey Freeman, Brian Freeman, and Barbara Ann Cole to the Annuities' proceeds are adverse to and conflict with each other.

**ANSWER:** Defendants deny the allegations of paragraph 36 and demands strict proof thereof. Defendants affirmatively state that the positions of Brian Freeman and Jeffrey Freeman are the aligned in that they deny that Barbara Ann Cole has a valid or potential claim to the annuities' proceeds.

37. By reason of these actual and potential adverse and conflicting claims, Standard Life is unable to discharge its admitted liability under the Annuities without exposing itself to multiple litigation, liability, or both.

**ANSWER:** Defendants deny that Barbara Ann Cole has a valid claim and that Standard Life is unable to discharge its admitted liability under the annuities.

38. Standard Life is indifferent as to which of the claimants is entitled to the Annuities' proceeds and is interested in only paying and discharging its admitted liability under the Annuities

9

once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

**ANSWER:** Defendants deny that Barbara Ann Cole has a valid claim, but admit the remaining allegations of Paragraph 38.

39. Contemporaneous with the filing of this Complaint for Interpleader, Standard Life will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Annuities.

**ANSWER:** Defendants lack personal knowledge sufficient to respond to Paragraph 39; therefore, they deny the same.

**WHEREFORE**, JEFFREY FREEMAN and BRIAN FREEMAN request the following relief from this Honorable Court:

A. For the entry of an order denying any and all claims to the annuities' proceeds by Barbara Ann Cole a/k/a Barbara Freeman;

B. For the entry of an order directing Standard Life and Accident Insurance Company to distribute the proceeds of Annuity No. x897 and Annuity No. x100 to Jeffrey Freeman and Brian Freeman in equal parts, or alternatively for the entry of an order allowing Jeffrey Freeman and Brian Freeman to collect the same from the Clerk of the Court; and,

C. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

JEFFREY FREEMAN and BRIAN FREEMAN

By: _____
Their attorneys

Matthew W. McQuiston
STERN MCQUISTON, LLC
205 W. Randolph Street, Suite 1250
Chicago, IL 60606
(312) 854-1300
matt@sternmcquiston.com